IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-03002-M

CASEY RAFAEL TYLER,            )
                               )
            Plaintiff,         )
                               )
       v.                      )        **ORDER**
                               )
JOHN SAPPER, et al.,           )
                               )
            Defendants.        )

On January 4, 2021, Casey Rafael Tyler ("plaintiff"), a state inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. Compl. [D.E. 1].

On July 15, 2021, plaintiff moved to amend his complaint. Mot. [D.E. 8].

On February 1, 2022, the court granted plaintiff's motion to amend, revoked the court's prior order allowing plaintiff to proceed without prepayment of fees, and directed plaintiff to pay the full filing fee by February 22, 2022. See Order [D.E. 12]. Plaintiff timely paid the fee.

On February 28, 2022, the court: conducted its initial review; allowed to proceed plaintiff's Eighth Amendment claims arising at Bertie C.I. against Unit Manager Eldridge Walker ("Walker") as to lack of access adequate "dental tools" and floss in segregated custody, and against Food Service Manager Ms. Leary ("Leary") as to insufficient food leading to undue hunger and weight loss; but dismissed plaintiff's remaining First Amendment and Fourteenth Amendment claims as to canteen access, custody classification, and deprivation of property, as well as his Eighth Amendment conditions-of-confinement claims as to access to other hygiene products; and dismissed without prejudice plaintiff's claims against Warden John Sapper ("Sapper") and Department of Public Safety ("DPS") Director of Prisons Todd Ishee ("Ishee"). Order [D.E. 14].

On June 6, 2022, plaintiff moved "for reconsideration of frivolity review." Mot. [D.E. 19].

On June 26, 2022, Leary and Walker answered the complaint. See [D.E. 20, 22].

On August 8, 2022, plaintiff filed a "supplemental complaint." See [D.E. 23, 23-1].

Plaintiff's Instant Filings:

In his motion for reconsideration, plaintiff first alleges that, because Ishee "made some of the rules [plaintiff is] challenging in this lawsuit," including the rule "concerning dental tools," Ishee should be added as a defendant. Mot. [D.E. 19] at 1 (citing Am. Compl. [D.E. 8] at ¶31).

Plaintiff next asserts that the court improperly applied "no scrutiny" when it dismissed his Fourteenth Amendment equal protection claims pursuant to purported "discrimination" against him as a control status inmate. Id. at 1–2.

Next, as to canteen access, plaintiff asserts, "no North Carolina court has found for a fact that NC prisoners have no such right & in fact [he has] such a right." Id. at 3. Plaintiff reasons that, because stamps are a canteen item and he has a "freestanding right" to obtain stamps, he must have a "freestanding right" to access the canteen. Id. Plaintiff contends that North Carolina "has clearly given her prisoners a peculiar [sic] right . . . to access canteens," and this right should be granted equally regardless of prisoner disciplinary status. Id. Plaintiff argues that the "court should allow [him] to develop the facts for [his] claims of abuse of the prison welfare system by prison staff as this will also involve a claim of misappropriation, or misuse, of taxpayer funds, to [his] personal detriment, a claim the court would be remiss to not entertain [sic]." Id. at 3–4.

As to property rights, plaintiff cites to his amended complaint. Id. at 4 (citing Am. Compl. [D.E. 8] at ¶24 (alleging he was not allowed to keep his Afro "pick" when he came to HCON in 2018, and he "was also robbed of 2 brand new jars of Pomegranate hair grease" without a hearing)).

Plaintiff argues that he is not challenging the "unauthorized intentional deprivation" of these items; instead, he challenges defendant Walker's policy that required the deprivation of these items. Id.

As to an "injunction request," plaintiff argues, among other things: he should immediately have access to better dental tools during the litigation; he is likely to succeed on the merits because the deprivation of dental floss affects his physical health due to pain from cavities and tooth extractions; he is likely to suffer irreparable harm because every day he is unable to floss and brush efficiently "allows the plaque to build up"; the equities tip in his favor because, "if the court orders defendants to give [him] access to the same dental tools other inmates have access to, they won't be required by any circumstance to innovate on [his] behalf nor will it require more resources to serve" him; and an injunction is in the public interest because of "common sense & logic [sic]" because he "broke out of solitary confinement at Bertie [C.I.] & tried to escape" due to these conditions and, had he escaped, "this would have endangered public safety [sic]." Id. at 5–6. Thus, plaintiff argues, the court should order defendants to give him the same access to canteen as other inmates to include dental floss, a regular size toothbrush, and better toothpaste. Id. at 6–7.

In conclusion, plaintiff asks the court to add Ishee as a defendant, allow to proceed his claims as to property deprivation and canteen access, "each prison rule challenged," and to issue a preliminary injunction or restraining order as to dental tools. Id. at 7.

In his "supplemental complaint," plaintiff asserts that: Granville C.I. HCON staff passed out no hygiene kits in July 2022; he inquired about hygiene kits on August 2, 2022, but was told by Sergeant Wilson, "we are working on it"; on August 3, 2022, plaintiff "turned in a Sick Call form seeking toothpaste, soap, deodorant, etc., from medical staff"; state-provided soap is unscented and "does nothing for [plaintiff's] summer time body odor"; he has been without deodorant for 35 days or so; plaintiff is "distressed at the thought of what 30+ days of not brushing

3

[his] teeth has done & is doing to [his] already poor dental health"; he entered a dental hygienist sick-call on July 21, 2022; sometime in July, the Assistant HCON unit manager informed plaintiff that it is not just HCON, but the entire prison is out of hygiene kits. See [D.E. 23] at ¶¶1–6.

Plaintiff argues that the lack of hygiene kits amounts to cruel and unusual punishment, Ishee's policy limits plaintiff to "state hygiene" solely due to his HCON status, and that other inmates are able to purchase different hygiene products to replace the out-of-stock items. Id. at 2.

For relief, plaintiff seeks "some sort of injunction to stop the hygiene deprivation currently on-going at Greenville [C.I.] & to prevent future such deprivations." Id. at 3.

Plaintiff attaches the declaration of inmate Antonio D. Smith ("Smith"). [D.E. 23-1] (declaring, among other things: in July 2022, HCON staff provided Smith soap and toilet paper, but "claimed to have run out of state-issued toothpaste, toothbrushes, lotion, shampoo, combs, & deodorant"; HCON staff gave Smith no indication of when they will be able to pass out hygiene kits; and, as an HCON inmate, Smith cannot buy his own hygiene items from the prison canteen).

Discussion:

Although he self-styles this motion as seeking "reconsideration of frivolity review," Mot. [D.E. 19], plaintiff's filing entails three components: a motion to further amend the complaint, a motion for reconsideration of the prior order, and a motion for a preliminary injunction, see United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (noting courts "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions.").

As to Ishee, plaintiff newly alleges that Ishee is personally responsible for the rule "concerning dental tools" in HCON. Compare Mot. [D.E. 19] at 1, with Am. Compl. [D.E. 8] at ¶24 (asserting Walker was "responsible for all HCON unit policies & practices"). Because this new claim further amends the complaint, and because this amendment is neither clearly frivolous

4

nor futile, the court grants this aspect of plaintiff's pending motion, adds Ishee as a defendant, and allows plaintiff's denial of "dental tools claim" to proceed against Ishee. See 28 U.S.C. § 1915A; Fed. R. Civ. P. 15(a)(2), 20(a)(2); see also Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Foman v. Davis, 371 U.S. 178, 182 (1962); Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); but see Turner v. Safley, 482 U.S. 78, 89 (1987) (providing prison officials may adopt regulations that impinge on a prisoner's constitutional rights if those regulations are "reasonably related to legitimate penological interests").

Next, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment[,]" but instead are "committed to the discretion of the district court." American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). A court may revise an interlocutory order under the following three circumstances: (1) a subsequent trial produces substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. See Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017).

Although plaintiff seeks to revive his claims as to deprivation of property, denial of canteen access, and "each prison rule challenged," see Mot. [D.E. 19] at 1–4, the prior order thoroughly addressed why these claims failed to survive initial review, see Order [D.E. 12] at 9–12. Plaintiff's equal protection claims remain far too vague to be cognizable. Plaintiff's challenge to the policy leading to deprivation of property, rather than the deprivation itself, is a distinction without a difference. Plaintiff also cites no binding federal precedent finding a "right" to access the canteen. Thus, because plaintiff fails to demonstrate any clear error causing manifest injustice in the court's previous determinations, cf. Carlson, 856 F.3d at 325, the court denies this aspect of the motion.

5

As to plaintiff's request seeking a preliminary injunction allowing him access to "dental tools" as this case is pending, Mot. [D.E. 19] at 5–6, because he presently fails to demonstrate extraordinary circumstances, clear entitlement to the requested relief, or more than the mere possibility of irreparable harm in the absence of injunctive relief, the court denies this aspect of the motion. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (outlining the standard for preliminary injunctive relief); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (noting the Supreme Court has rejected the standard allowing a "plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." (quotation omitted)), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam); Taylor v. Freeman, 34 F.3d 266, 268–69 (4th Cir. 1994) (noting that courts only grant injunctive relief involving the management of prisons in extraordinary circumstances).

Next, plaintiff's "supplemental complaint," [D.E. 23], appears to consist of two discreet motions; a motion to further amend the complaint and a motion for a preliminary injunction, see Winestock, 340 F.3d at 203.

Although plaintiff raises new claims, see [D.E. 23] at ¶¶1–6, because the claims arose at a different prison long after he initiated this action, they are not the same "transaction or occurrence" and belong in a separate suit. See Fed. R. Civ. P. 18, 20(a)(2); George, 507 F.3d at 607.

Further, plaintiff's request for injunctive relief in the "supplemental complaint" again fails to establish extraordinary circumstances, clear entitlement to the requested relief, or more than the mere possibility of irreparable harm. See Winter, 555 U.S. at 20; Real Truth, 575 F.3d at 346; Taylor, 34 F.3d at 268–69.

6

Conclusion:

In sum, the court: GRANTS IN PART the motion [D.E. 19] to the extent plaintiff seeks to further amend his complaint, ALLOWS plaintiff's Eighth Amendment "dental tools" claim to proceed against Ishee, DIRECTS the clerk to continue management of the action pursuant to Standing Order 14-SO-02 as to Ishee, and, if service under this standing order fails, further DIRECTS the United States Marshals Service to make service pursuant to 28 U.S.C. § 1915(d); DENIES the motion [D.E. 19] to the extent plaintiff seeks reconsideration of the court's dismissal of other aspects of his complaint on initial review; DENIES WITHOUT PREJUDICE the motion [D.E. 19] as to plaintiff's request for preliminary injunctive relief; and DENIES WITHOUT PREJUDICE the "supplemental complaint" [D.E. 23] as to the requested injunctive relief and to allow plaintiff to raise these new, disparate claims in a separate action.

SO ORDERED, this 7TH day of September 2022.

RICHARD E. MYERS II
Chief United States District Judge