IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-03002-M

CASEY RAFAEL TYLER,            )
                               )
         Plaintiff,            )
                               )
   v.                          )     **ORDER**
                               )
JOHN SAPPER, et al.,           )
                               )
         Defendants.           )

This cause is before the court on several non-dispositive motions. See [D.E. 39, 46, 48].

The court first considers plaintiff's motion to compel discovery. Mot. [D.E. 39]. Defendants oppose the motion. [D.E. 40].

In support of his motion to compel, plaintiff argues: 1) his interrogatory # 4 inquires if the general public can obtain brands of state hygiene items offered to prisoners, and he posits that whether state hygiene items are "brands in popular retail stores" may indicate that these items are "unworthy of purchase" and "would go to deliberate indifference at best & to malice at worst [sic]"; 2) defendants' scope-of-discovery objections are "based on the idea that the issues in this case are limited to (a) caloric needs & (b) "whether adequate dental supplies are provided," but his discovery requests are "reasonably calculated to lead to admissible evidence in support of [his] current complaint as well as new, reasonable, viable federal legal claims [sic]"; 3) "defendants' refusal to produce documents related to [his] assignments to solitary supermax confinement is [without] legal basis" because, although he has not made a procedural due process claim, he "might wish to," and his "alleged injuries necessarily result from lengthy deprivation"; 4) defendants should answer plaintiff's follow-up discovery requests despite the fact that their answers were due

"5 days after discovery closes" since defendants have provided some additional answers and plaintiff does not control the speed of "snail mail [sic]"; 5) defendants provided inadequate rationale as to how explaining the security risk posed by finger nail clippers would itself be a security risk, and defendants cut and pasted these objections as answers to other questions; and 6) typographical errors in the purported verbatim typescript of plaintiff's discovery requests are not attributable to him. See Pl.'s Mot. [D.E. 39] at 1–6. For relief, plaintiff asks the court to compel defendants to provide him "the discovery materials that they continue to withhold in bad faith [sic]" to include plaintiff's "New/Follow-up request for color photos of the welfare items NC prisoners are entitled to [sic]." Id. at 1.

Defendants argue, *inter alia*: plaintiff's surviving claims concern the adequacy of his dental tools and whether he received sufficient calories while on restrictive housing; discovery requests as to other hygiene products are outside the scope of this case; plaintiff's second set of discovery requests were untimely because defendants' response to these requests was not due until after the period of discovery closed; sanctions are inappropriate under the governing standard because defendants have not acted in bad faith, plaintiff was not prejudiced, there is no need for deterrence, and defendants have complied with discovery and otherwise asserted reasonable and valid objections; any discovery non-compliance was substantially justified; and sanctions would be unjust as defendants have attempted to resolve discovery issues with plaintiff but need not answer or respond to untimely or irrelevant discovery requests. See Defs.' Resp. [D.E. 40] at 4–7.

The court has reviewed under the governing standard plaintiff's discovery requests, defendants' answers and responses, and the arguments regarding the instant motion to compel discovery. See Fed. R. Civ. P. 26(b)(1); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995); Erdmann v. Preferred Rsch., Inc. of Ga., 852 F.2d 788, 792

(4th Cir. 1988); LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir. 1986); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 241 (E.D.N.C. 2010).

As to plaintiff's follow-up discovery requests, under the relevant Federal Rules of Civil Procedure, a party has thirty days to respond after being served with a request for admission, a request for production, or an interrogatory. See Fed. R. Civ. P. 33(b)(2) (interrogatories), 34(b)(2)(A) (productions), 36(a)(3) (admissions); see also Fed. R. Civ. P. 6(d).

Here, the court's prior order directed that all discovery be completed by August 23, 2023. Order [D.E. 38]. Nevertheless, as plaintiff admits, defendants' answers to his follow-up discovery requests were not due until five days after the close of the discovery period. See Mot. [D.E. 39] at 3; see also Defs.' Resp. Attach., Ex. 1 [D.E. 40-1], Ex. 2 [D.E. 40-2]. As such, these follow-up discovery requests were untimely under Local Civil Rule 26.1(b) ("All discovery shall be served so as to allow the respondent sufficient time to answer prior to the time when discovery is scheduled to be completed."); see Patten v. Hall, No. 5:15-CT-3118-FL, 2017 WL 6062258, at *11 (E.D.N.C. Dec. 7, 2017) ("Thus, while a discovery request might be served prior to the close of discovery, it is untimely if it does not allow for a response prior to the discovery deadline.").

Aside from his vague claim about "the speed of snail mail," see Mot. [D.E. 39] at 3, plaintiff offers no justification for why these follow-up discovery requests were served so late, and his incarcerated, *pro se* status alone is insufficient to justify this untimeliness, see Ferruccio v. Davis, No. 5:19-CV-346-BO, 2020 WL 6706354, at *4 (E.D.N.C. Nov. 13, 2020); Hanson v. Owens, No. 5:14-CT-3078-D, 2015 WL 13214282, at *1–2 (E.D.N.C. Oct. 16, 2015); see also White v. Caterpillar Logistics Inc., No. 5:13-CV-684-F, 2014 WL 4384042, at *2 (E.D.N.C. Sept. 3, 2014) (unpublished); Buckner v. United Parcel Serv., Inc., No. 5:09-CV-00411-BR, 2012 WL 1134915, at *1 (E.D.N.C. Apr. 4, 2012) (unpublished), aff'd, 489 F. App'x 709, 710 (4th Cir. 2012).

3

As to plaintiff's claims regarding his earlier, timely discovery requests, defendants have "made a particularized showing why discovery should be denied," Johnson v. N.C. Dep't of Justice, No. 5:16-CV-679-FL, 2018 WL 5831997, at *5 (E.D.N.C. Nov. 7, 2018) (citing Mainstreet Collection, 270 F.R.D. at 241), and there is no showing that the additional responses requested in the instant motion to compel are relevant or "proportional to the needs of the case," Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 188 (4th Cir. 2019), cert. denied, 140 S. Ct. 672 (2019).

For the reasons discussed above, the court, in its discretion, DENIES plaintiff's motion to compel discovery [D.E. 39]. See Lone Star, 43 F.3d at 929; Erdmann, 852 F.2d at 792; see also English v. Johns, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014). The court also finds that, under the governing standards, discovery-related sanctions are inappropriate. See Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001).

Next, the court turns to defendants' motion to seal. Mot. [D.E. 46]. The proposed sealed exhibits include plaintiff's personal medical records. Id. at 1. Here, because plaintiff has not objected, and because the interest in preserving confidentiality in these medical records outweighs the public interest in disclosure, the court GRANTS this motion to seal [D.E. 46].

Finally, the court GRANTS IN PART plaintiff's motion for an extension of time to respond to defendants' motion for summary judgment [D.E. 48]. Plaintiff shall have until November 13, 2023, to file a response. Defendants then shall have until November 28, 2023, to file any reply. Further extensions of time will not be granted absent extraordinary circumstances.

SO ORDERED this 19th day of October, 2023.

Richard E. Myers II
RICHARD E. MYERS II
Chief United States District Judge